## 8080

### BENNETT v. CHARLESTON UNION STATION CO.

1. RAILROADS—WILFULNESS.—Evidence tending to show a telegraph operator in a tower sent an engine on without having properly set all the switches, as he thought, and upon discovering his error the engine was running so fast it would have been dangerous to attempt to remedy his mistake, which he could have done if the engine had been running at the speed required by the rules, will support a verdict for punitive damages for injury to an employee working on a car which the engine runs into.

2. VERDICT.—There being evidence tending to show plaintiff received the injuries alleged and of recklessness, there is no reason to disturb the verdict on the ground that it was prompted by caprice or passion.

Before GARY, J., Charleston, April, 1911.    Affirmed.

Action by Alice Bennett against Charleston Union Station Company and Atlantic Coast Line R. R. Co. Defendants appeal.

*Mr. W. Huger FitzSimons,* for appellant, cites: *Not even gross negligence will warrant punitive damages:* 60 S. C. 73; 65 S. C. 1; 68 S. C. 89; 69 S. C. 434.

*Messrs. Logan & Grace,* contra, cite: *Recklessness in violating rules is a ground for punitive damages:* 89 S. C. 280; 88 S. C. 7; 85 S. C. 463. *Verdict supported by the evi-*

*dence will not be disturbed:* 89 S. C. 3; 86 S. C. 529; 88 S. C. 91.

January 8, 1912.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendants.   The allegations of the complaint, material to the questions presented by the exceptions, are as follows:

"That on or about the 10th day of May, 1910, the plaintiff above named, Alice Bennett, was in the employ of said Charleston Union Station Company, one of the defendants herein, as a car cleaner.

"That on or about said 10th day of May, 1910, and at or about the hour of 9 o'clock, p. m., the said Alice Bennett was at work as a car cleaner, scrubbing out a car which had just come in from the city of Augusta; that while the said plaintiff was about her duties scrubbing out said car, an engine and tender suddenly came down and upon said car, in which the said plaintiff was at work, struck said car with great force and violence, and threw the plaintiff to the floor of the car, causing her serious and permanent injuries to her head, right hip, right shoulder and left leg.

"That the injuries to the plaintiff aforesaid, as she is informed and believes, were caused by the joint and concurrent negligence, carelessness, recklessness and wantonness of said defendant corporations, their agents and servants, in the following particulars, to wit:

"(a) In causing and allowing an engine and tender, to come down and upon the said car in which plaintiff was at work, without notice or warning to the said plaintiff.

"(b) By causing and allowing a switch to be wrongfully turned, so that an engine and tender could come down and upon the car, in which said plaintiff was working, without

notice or warning to said plaintiff, of the approach of said engine and tender.

"(c) By failing and omitting to take any precautions, by setting out lights, or otherwise, to prevent said engine and tender, from coming down and upon the car, in which said plaintiff was at work."

The defendants denied the allegations of negligence and recklessness.

At the close of the plaintiff's testimony, the defendants' attorney made a motion for a nonsuit, "so far as the cause of action for punitive damages is concerned, certainly so far as the Union Station is concerned, on the ground that there is a total absence of testimony, to sustain the cause of action for punitive damages."

The motion was refused.

At the close of all the testimony the defendants' attorney made a motion for the direction of a verdict, on the same ground, which was also refused.

The jury rendered a verdict in favor of the plaintiff, for one thousand seven hundred and fifty dollars.

A motion for a new trial was made on the grounds "that the damages were excessive; that there was no evidence to support the verdict, and that it was contrary to the charge of the Judge."

This motion was likewise refused, and the defendants appealed.

The first proposition argued by the appellants' attorney is, that there was no testimony as to punitive damages.

H. B. Tant, a witness for the plaintiff, testified as follows: "What was your position on May 10, 1910? I was a telegraph operator at Vardels for the Coast Line. Is that the entrance for the switch that controls tracks No. 7 and No. 10? Yes, sir. Will you tell the jury what you know about this accident? I was working there controlling the switches from the tower, governing the movement of trains, and an engine came in that wanted

to go to the roundhouse, and I lined up the switches for it to go, and was under the impression they were right, but I found I had left one wrong, and the engine went through it at a very high rate of speed, and hit some coaches in the sidetrack. What engine was that? I am not positive, but I think it was a C. & W. C. engine. Was that engine running at an unusually high rate of speed? Yes, sir; it was running at an unusually high rate of speed. Would you say at reckless rate of speed for the yard? It looked that way to me. When you saw this accident was unavoidable, what did you do? I could not do anything; I was powerless to do anything; if the engine had been running at the speed that the rules of company require, I could have changed my switches and avoided it, but it was running at such a high rate of speed, it made it dangerous for me to interfere with the switches. What did you do? Just as soon as it struck, I went down, I thought there was terrible damage done, and went down there to see. Did it make any noise when it struck? Made a terrible noise. Was there any damage done to the engine and cars? Yes, sir. How far did it knock this train? I think it knocked it pretty near the length of a coach and a half. There were five or six cars? I think six or eight. And this engine came on them so fast, that it knocked them from a stationary position, a car and a half? Yes, sir. Was the engine smashed? Pretty badly. And so were the cars? Yes, sir."

In the case of *Tolleson* v. *Ry.,* 88 S. C. 7, the principle was announced that "not only is the conscious invasion of the rights of another, in a wanton, wilful and reckless manner, an act of wrong, but that the same result follows, when the wrongdoer does not actually realize, that he is invading the rights of another, provided the act is committed in such a manner, that a person of ordinary prudence would say, that it was a reckless disregard of another's rights."

The exceptions raising this question are overruled.

The appellants' second proposition is, that there was no
    testimony to support the verdict, at least the verdict
2    was so grossly excessive as to show plainly, it was
    not founded on testimony.

There was testimony tending to show, that the plaintiff
sustained the injuries alleged in the complaint, and, as it
has been determined, that there was testimony tending to
show recklessness, on the part of the defendants, we see no
reason for disturbing the verdict on the ground of caprice or
passion, on the part of the jury.

Judgment affirmed.

MR. JUSTICE HYDRICK *did not sit in this case.*