The opinion of the Court was delivered by
O’Neall, J.
In this case, the attempt here, under the 3d ground, to raise and discuss a legal ground expressly waived on the circuit, cannot be permitted.
*247 There the party defendant chose to rest his case upon the inquiry in fact, did he make the promise on which the plaintiff relied 1 He cannot now be permitted to shift that inquiry and raise the question whether the promise was predicated of a sufficient consideration 1 It is true, if a matter of law be overlooked, on the circuit, or be not noticed in the grounds of appeal, the Court may, if it chooses, allow the party the benefit of it.
The other grounds relate, 1st. to the allowance of interest; and, 2d. to the remodelling of the verdict.
As to the allowance of interest, the Judge was right in saying to the jury, that they must find for the plaintiff the debt, interest and costs to the day of the entry of the judgment, with interest on this aggregate from that day to the day of the trial. This instruction corresponds with the ruling in Lambkin vs. Nance, (2 Brev. 99,) and Harrington vs. Glenn, (1 Hill, 79).
As to the remodelling the verdict by sending the jury back, or having it written according to the intention of the jury in the Court room, there is nothing wrong. The course pursued by the Judge is in exact conformity to the practice which we all pursue, and which our predecessors pursued from the earliest days of the administration of justice of which we have any knowledge.
The motion is dismissed.
Evans, Wardlaw, Frost, and Withers, JJ. concurred.
Whitner, J. absent.

Motion dismissed.