16625

HICKS v. McCANDLISH *ET AL.*

(70 S. E. (2d) 629)

*Messrs. Thomas, Cain & Nettles,* of Columbia, and *Paulling & James,* of Darlington, *for Appellants,* cite: 

*Messrs. Baskin, Cothran & Lane,* of Bishopville, and *James P. Mozingo III,* of Darlington, *for Respondent,* cite:

May 7, 1952.

FISHBURNE, Justice.

The plaintiff was awarded a verdict and judgment in the circuit court against the defendants (appellants here) for $1,500.00 actual damages and $7,000.00 punitive damages as the result of an automobile collision. The collision occurred about 7:30 o'clock p. m. on the 28th day of August, 1947, on United States Highway No. 15A,—a heavily traveled highway—at a point between Lydia and Hartsville. It occurred in open country, approximately three-fourths of a mile North of Lydia. While the plaintiff was traveling North toward Hartsville in his 1946 Ford coach, his car was violently struck in the rear by a Buick Sedan driven by the defendant, Benjamin V. McCandlish.

Upon trial, at the close of all the testimony, the defendants moved for the direction of a verdict as to punitive damages, which was overruled. After the verdict was rendered, the defendants moved for judgment notwithstanding the verdict as to punitive damages only, and did not couple with

this motion a motion for a new trial in the alternative. The plaintiff moved for a new trial upon the ground that the verdict rendered by the jury in his favor in the sum of $1,-500.00, actual damages, was entirely inadequate. The trial judge denied all of these motions. The plaintiff has not appealed. This appeal is taken by the defendants, only with reference to punitive damages. They assign error on the ground that there is no testimony in the case nor any inferences deducible therefrom which would support a verdict for exemplary damages.

Defendants concede that the defendant, McCandlish, was guilty of negligence under the circumstances surrounding him at the time of the accident, but they contend that a review of the record fails to disclose any evidence which would justify the submission of the case to a jury on the question of willfulness, wantonness, recklessness or heedlessness. The issue presented makes it necessary to examine the evidence.

At the time of the accident, the defendant McCandlish was proceeding from his farm South of Lydia to the home of his sister in Hartsville, where he was residing. He testified that the plaintiff passed him in his automobile as he approached a slight curve in the highway North of Lydia; that he was traveling at the rate of about forty miles per hour at the time the plaintiff passed him. The accident occurred about 150 yards beyond this curve at a time in the afternoon described as dusk, but dark enough for both cars to have their lights on.

The same afternoon, a short time before the defendant's car crashed into the rear of plaintiff's Ford, Mr. James P. Gantz, driving his automobile, had been in an accident, and his car was overturned in a ditch on the right side of the highway, which was on the right-hand side of the plaintiff and the defendants in the direction in which they were going.

The plaintiff testified that as he came out of the curve, he saw this car overturned in the ditch on his right about

150 yards ahead. He also saw several people standing on the left-hand side of the road. He had been traveling between forty and forty five miles per hour, but he took his foot off the accelerator in order to slow down so as to see what had happened. As his car drew abreast of the overturned car and at a time when his speed had been reduced to fifteen or twenty miles per hour, and just when he had commenced to turn to his right off the highway, beyond the Gantz car, his Ford automobile was suddenly struck from the rear by the heavier Buick car of the defendant, and precipitated into the ditch.

The force of the blow and the speed at which the Buick was being driven may be estimated from the extent of the damages done to the plaintiff's Ford. Following the collision, the Ford was in the ditch to the right, resting on its right side. The steering wheel was bent down double of the steering column, and the plaintiff was on the floor under the dashboard, with the front cushion over him. He managed to break the glass in the door which was above him and struggle out. An examination of the Ford showed that the back seat after the collision, was in the front seat; the back deck lid and the spare tire were jammed up where the back had been. Other evidence referred to damage done to the framework of the Ford.

The plaintiff testified that when he sighted the Gantz car ahead of him, in the ditch, he looked into his rear vision mirror and did not see any car coming from behind. He also rolled the glass down in the left-hand door to put out his hand to give the "slow" signal. He did not recall passing the defendants and knew nothing of the car behind him until the collision occurred.

The defendant, Mr. McCandlish, who is a retired commodore in the Navy, stated that when he came out of the curve, the plaintiff's car having passed him just before he entered the curve, he was driving at about forty miles per hour. He assumed that this Ford at the rate it was going, was well on down the highway, when he was suddenly confronted with

plaintiff's automobile directly in front of him on its own side of the road. He says that just prior to this he had thought that the light at Kelly's store, located at Lee's Cross Roads about a half mile from the end of the curve, was the plaintiff's car. Actually, as stated, the impact occurred about 150 yards beyond the end of the curve. It is undisputed that the highway was clear of traffic; no other cars were going or coming; vision was unobstructed.

At another point in his testimony, the defendant said that he saw the plaintiff's car when it was about the distance of the court room from him (probably fifty or seventy-five feet); that there was ample space on his left to have passed him, but he concluded to put on his brakes thinking that he could thus avoid the collision. However, there was no evidence of any skidmarks on the highway.

The jury was warranted in drawing the inference that the defendant saw the plaintiff's car ahead of him just about the instant of the collision. And according to defendant's testimony, it may be assumed that only a few seconds intervened between the time he says the plaintiff's car passed him as he entered this slight curve on the highway, and the collision which occurred only 150 yards beyond the end of the curve. He said that although he was keeping a careful look ahead he did not see the plaintiff's hand signal. As heretofore stated, he never did see the lights of the Ford car ahead of him. What he did see was a light a half mile ahead which he mistook for the plaintiff's lights, but which was a light in Kelly's store.

Mr. Gantz, who was standing on the left of the road, and whose car was in the ditch on the opposite side, witnessed the accident. He said that when the plaintiff and the defendant came out of the curve, both cars were moving at a speed of about forty-five miles per hour.

The issue presented by the appeal as to the sufficiency of the evidence, re-opens in this class of cases, the serious and troublesome question of the distinction to be made in the degrees of negligence.

Gross negligence is a relative term, and means the ■■ absence of care that is necessary under the circumstances, but the absence of this care alone, whether called "gross" or "ordinary" negligence, does not authorize the jury to give exemplary damages. We have held in many cases that exemplary damages should not be awarded for mere gross negligence, and that the element that distinguishes actionable negligence from willful tort is inadvertence. *Watts v. Southbound R. Co.*, 60 S. C. 67, 38 S. E. 240; *Oliver v. Columbia N. & L. R. Co.*, 65 S. C. 1, 43 S. E. 307; *Pickett v. Southern R. Co.*, 69 S. C. 445, 48 S. E. 466.

The principle is re-stated and the earlier cases cited in *Bell v. Atlantic Coast Line R. Co.*, 202 S. C. 160, 24 S. E. (2d) 177, 182, in which the Court quoted the following from *Sample v. Gulf Refining Co.*, 183 S. C. 399, 191 S. E. 209:

"While punitive damages are recoverable for negligence so gross or reckless of consequences as to imply or to assume the nature of wantonness, willfulness or recklessness, yet they are not awarded in this state for mere gross negligence."

The cases make the distinction, however, that negligence may be so gross as to amount to recklessness, and when it does, it ceases to be mere negligence and assumes very much the nature of willfulness. So much so that it has been more than once held in this state that a charge of reckless misconduct will justify the jury, if the same be proved, in awarding punitive damages. *Proctor v. Southern R. Co.*, 61 S. C. 170, 39 S. E. 351.

In *Bennett v. Charleston Union Station Co.*, 90 S. C. 308, 73 S. E. 340, 341, and again in *Geddings v. Atlantic Coast Line R. Co.*, 91 S. C. 477, 75 S. E. 284, the court quoted a statement to the effect that exemplary damages will be allowed "when the wrongdoer does not actually realize that he is invading the rights of another, provided the act is committed in such a manner that a person of ordinary pru-

dence would say that it was a reckless disregard of another's rights."

And see to the same effect *Bailey v. Smith,* 132 S. C. 212, 128 S. E. 423; and Annotation, 98 A. L. R. 267.

The same rule was announced by this Court in *Anderson v. Atlantic Coast Line R. Co.,* 179 S. C. 367, 184 S. E. 164, 104 A. L. R. 406, and *Sanders v. General Motors Acceptance Corp.,* 180 S. C. 138, 185 S. E. 180.

While the determination of the question before us is not free from difficulty, it was for the jury to say in our opinion, under the evidence, whether the acts of omission and commission were committed by the defendants in such a manner that a person of ordinary reason and prudence would say that it was reckless disregard of the rights of the plaintiff.

From a careful consideration of the evidence in the present case, and the applicable law, we do not think that it can be said as a matter of law that the defendant in the operation of his Buick Sedan was not grossly negligent. In our opinion, as stated, a jury question was presented as to whether or not the defendant failed to exercise slight care, and was guilty of willfulness and wantonness which amounted to a gross disregard for the safety of others on the highway.

We may say in passing that no question was raised before the trial court as to the amount of the verdict for punitive damages, and no such question is before us.

Judgment affirmed.

STUKES, TAYLOR and OXNER, J., and G. BADGER BAKER, A. A. J., concur.