20577

Lawrence R. WOODWARD and Rosaline Washburn Woodward, Respondents, v. Leon D. TODD, Jr., d/b/a Todd's Mobile Homes and Midland Guardian Company, of whom Leon D. Todd, Jr. is Appellant.

(240 S. E. (2d) 641)

*Stevens, Stevens & Thomas,* of Myrtle Beach, *for Appellant,*

*Burroughs, Green, Sasser, Hudson & Bruner,* of Conway, *for Respondents,*

January 10, 1978.

GREGORY, Justice:

Leon D. Todd, Jr., appeals from a verdict and award of damages against him in an action for fraud and deceit arising out of the sale of a used mobile home. At issue is the lower court's refusal to grant appellant's motions for an involuntary nonsuit, directed verdict, and judgment *non obstante veredicto.* We hold the lower court erred by refusing to grant appellant's motion for a directed verdict and reverse.

In considering whether the lower court was correct in denying appellant's motions we must review the evidence and all inferences reasonably deducible therefrom in the light most favorable to respondent. *Bellamy v. G.M.A.C.,* S. C., 239 S. E. (2d) 73 (1977). Our task is to determine whether there was sufficient evidence to warrant submitting the case to the jury.

In February 1976, Mr. and Mrs. Woodward negotiated with a salesman for Todd's Mobile Homes for the purchase of a used mobile home. Mr. and Mrs. Woodward testified that during the course of the negotiations the salesman represented to them that the mobile home in question was a one owner home; that the total purchase price of the home was $8,734.00; and that Todd's Mobile Homes would deliver, level and set up the mobile home without additional charge. In reliance on these representations, which appellant denied making, Mr. and Mrs. Woodward purchased the mobile home from appellant.

Respondents further testified that appellant delivered the mobile home but failed to level or set it up properly, thereby causing damage to the home and its contents. Shortly there-

after respondents received their copy of the assumption of liability agreement from the finance company and discovered the total purchase price was $10,004.49 or $1,270.49 greater than the agreed price, and that their home was not a one owner home.

Respondents brought this action for fraud and deceit and were awarded $12,000.00 actual damages by the jury. On appellant's motion for a new trial *nisi* the trial judge ordered a new trial unless respondents remitted the sum of $3,995.51, thus reducing the damage award to $8,004.49.[1] That amount was remitted and this appeal followed.

Appellant contends he was entitled to judgment as a matter of law because the representations allegedly made to respondents during the course of negotiations did not amount to actionable fraud.

To constitute actionable fraud there must appear: (1) a representation; (2) its falsity; (3) its materiality; (4) the author's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the other party's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury thereby. *McKay v. Anheuser-Busch, Inc.*, 199 S. C. 335, 19 S. E. (2d) 457 (1942). See also *Carter v. Boyd Construction Co.*, 255 S. C. 274, 178 S. E. (2d) 536 (1971).

Viewing the evidence in the light most favorable to respondents and thus assuming their version of the facts is correct, appellant's representation that the mobile home was a one owner home produced no "consequent and proximate injury" to respondents. The only testimony in the record on this point indicated the value of a used mobile home is determined by its condition and is not affected by the number of previous owners.

---

[1] This figure represents the difference between the contract price of $10,004.49 and the present value of the mobile home, which Mr. Woodward testified was $2,000.00.

■ Next, assuming *arguendo* the existence of fraud in appellant's representation concerning the total purchase price of the mobile home, Mr. and Mrs. Woodward will not be heard to complain of fraud because both signed an assumption of liability form that plainly showed the total purchase price to be $10,004.49. Respondents signed this form without reading it. Although respondents contend that the assumption of liability form does not represent the bargained for agreement, this Court has consistently held that "one cannot complain of fraud in the misrepresentation of the contents of a written instrument signed by him when the truth could have been ascertained by reading the instrument." *Evans v. State Farm Mutual Automobile Insurance Co.,* S. C., 239 S. E. (2d) 76 (1977).

■ Finally, the only evidence introduced to establish fraud in appellant's alleged representations concerning the delivery and set-up of the home was appellant's failure to complete the promised work. In *Davis v. Upton,* 250 S. C. 288, 157 S. E. (2d) 567 (1967) we stated:

The general rule is that fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events. However, where one promises to do a certain thing, having at the time no intention of keeping his agreement, it is a fraudulent misrepresentation of a fact, and actionable as such. 157 S. E. (2d) at 568.

Respondents have testified to nothing more than appellant's failure to keep his promises. While this showing may entitle respondent to relief in a contract action if it is determined the promises were actually made, such a showing is not sufficient to demonstrate actionable fraud.

Since the only reasonable inference to be drawn from the evidence was that respondents failed to establish a cause of action for fraud and deceit, the question became one of law for the court and the trial judge erred by refusing to grant appellant's motion for a directed verdict.

In view of this determination, we need not consider the other grounds asserted by appellant for reversal.

Although respondents have not established a cause of action for fraud and deceit in connection with their transaction with appellant, the disposition of this appeal does not preclude a subsequent cause of action for contract damages.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.