0462

Martha L. CAMP, Respondent, v. COMPONENTS, INC., Appellant.

(330 S. E. (2d) 315)

Court of Appeals

*Earl R. Gatlin*, of *Hayes, Brunson & Gatlin*, Rock Hill, *for appellant*.

*W. Ryan Hovis* and *David R. Duncan*, of *Hovis & Duncan*, Rock Hill, *for respondent*.

Heard March 21, 1985.

Decided May 7, 1985.

SANDERS, Chief Judge:

Respondent Martha L. Camp brought this tort action against appellant Components, Inc. The jury returned a

verdict in favor of Ms. Camp for actual and punitive damages. Components appeals only as to the award of punitive damages. We affirm.

In considering this appeal, our jurisdiction extends only to the corrections of errors of law. *Moran v. Jones*, 281 S. C. 270, 315 S. E. (2d) 136 (Ct. App. 1984). We cannot reverse the verdict of a jury unless the only reasonable inference which can be drawn from the evidence is contrary to the factual findings implicit in the verdict. *Willis v. Floyd Brace Co.*, 279 S. C. 458, 309 S. E. (2d) 295 (Ct. App. 1983).

The evidence here may be summarized as follows. A truck driver for Components became lost and drove a large, fully loaded truck into a residential neighborhood. The driver drove past no trespassing signs down a steep, unpaved road leading to Ms. Camp's home. He then got out of the truck to seek directions, leaving it unattended on the incline behind her car. The truck immediately began to roll forward. The driver returned to it and applied the brakes, but not before it had crashed into Ms. Camp's car, pushing it within inches of her home.

A plaintiff is entitled to recover punitive damages if the act complained of is determined to be willful, wanton or reckless. *Fennell v. Littlejohn*, 240 S. C. 189, 125 S. E. (2d) 408 (1962). Punitive damages are allowed even "when the wrongdoer does not actually realize that he is invading the rights of another, provided the act is committed in such a manner that a person of ordinary prudence would say that it was a reckless disregard of another's rights." *Hicks v. McCandlish*, 221 S. C. 410, 415-16, 70 S. E. (2d) 629, 631 (1952).

In our opinion, the evidence here is adequate to support the jury's verdict for punitive damage. The jury could have found that a person of ordinary prudence would say it was a reckless disregard of Ms. Camp's rights for Component's driver to drive a large, fully loaded truck past no trespassing signs and then leave it unattended on a steep incline behind her car.

Accordingly, the judgment for Ms. Camp is

Affirmed.

SHAW, J., and GREGORY, Acting Associate Judge, concur.