22926

Terry Michael RICHARDSON, minor, by his guardian ad litem, Celeste McDANIEL, Appellant v. Wanda S. HAMBRIGHT; James C. Spears, Jr., as Administrator of the estate of Robert Craig Fitch, deceased; Michael Bruce Fitch Individually, and Cherokee County School District #1, Defendants. Appeal of CHEROKEE COUNTY SCHOOL DISTRICT #1.

(374 S. E. (2d) 296)

Supreme Court

*Ricky K. Harris* and *M. Terry Haselden, Faucette, Haselden and Harris, P.A.,* Spartanburg, *for appellant.*

*Kenneth L. Childs* and *David T. Duff, Childs, Duff and Hardin, P.A.,* Columbia, *for respondent.*

Heard Oct. 5, 1988.

Decided Nov. 28, 1988.

HARWELL, Justice:

This appeal involves an action brought by Appellant, a student, for injuries sustained while riding as a passenger in a private vehicle between Blacksburg High School and the area vocational center. Both Blacksburg High School and the vocational center are part of Cherokee County School District #1 (District). Appellant sued the School District alleging negligence in the enforcement of its "Driving/Riding" Policy. The dispositive issue on appeal is whether the trial judge properly ruled that the District was not grossly negligent as required for liability under the South Carolina Tort Claims Act, S. C. Code Ann. § 15-78-10, *et seq.* (Cum. Supp. 1987), thereby entitling the District to summary judgment. We affirm the trial court.

## FACTS

This case centers around a District "Driving/Riding" policy requiring parental permission for students choosing to ride to the area vocational center in private vehicles instead of riding the bus provided by the District. Appellant and two other students were passengers in a pick-up truck driven by a fourth student. None of the four students had the required parental permission to travel in a private vehicle. While en route to the vocational center, the pick-up truck crashed into a large commercial vehicle. The driver and two other passengers were killed and appellant was seriously injured.

The policy provided that students who had parental permission would be issued special identification cards to carry. The policy provided that frequent car checks would occur and that "any member of the school administration, faculty, staff or law enforcement personnel" could conduct a check. Random checks were to be made at the vocational center once or twice a week. "All-school" checks were to be conducted once or twice a month. These checks were to take place at the vocational center. Routine checks were not planned at Blacksburg High unless a specific problem was reported. Such checks at Blacksburg were deemed unnecessary by the District because the vocational students gener-

ally traveled to the center straight from their homes without first reporting to the high school. Appellant's injuries, however, occurred during the first week of school at a time when all students were required to report to "Homeroom" at their home campus before traveling to the vocational center. During this week, the High School took steps to make students and parents aware of the policy. The policy set forth the rules for enforcement and included a statement to the effect that riding the bus was the safer course of conduct. Appellant signed a sheet indicating that he had read the Student handbook which included this policy. Both appellant and his mother admitted knowledge of the policy. Appellant rode the bus on the first four days of the week, but rode in the truck on the last day. No checks were made during this week. Appellant submits that failing to conduct checks during this week amounted to gross negligence on the part of the District. We disagree.

## DISCUSSION

Appellant's action is brought pursuant to the recently enacted "South Carolina Tort Claims Act," *supra*, which provides that a "... governmental entity is not liable for loss resulting from: ... responsibility or duty including but not limited to supervision, protection, control, confinement, or custody of any student ... except when the responsibility or duty is exercised in a grossly negligent manner ..." S. C. Code Ann. § 15-78-60(a)(25) (Cum. Supp. 1987). Gross negligence is the intentional, conscious failure to do something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do. *Ford v. Atlantic Coast Line Railroad*, 169 S. C. 41, 168 S. E. (2d) 143 (1932). It is a failure to exercise slight care. *Anderson v. Ballenger*, 166 S. C. 44, 164 S. E. 313 (1932); *Pilot Industries v. Southern Bell Telephone & Telegraph Company*, 495 F. Supp. 356 (D. S. C. 1979). The District's failure to conduct an ID check during the one week of school when this accident occurred simply does not constitute an intentional and conscious failure. The District took steps to make all students aware of the policy by reviewing it with them during the first week of school. Copies of the policy were sent home to parents. This policy included a statement on safety; it also outlined enforcement

procedures. The facts show, at the very least, that the District exercised "slight care."

We agree with the trial court's ruling that the District was not grossly negligent and that summary judgment was appropriate as a matter of law. It is not necessary to reach the remaining issues advanced by appellant. The judgment of the trial court is hereby

Affirmed.

CHANDLER, FINNEY and TOAL, JJ., and ALEXANDER M. SANDERS, JR., Acting Associate Justice, concur.