## 23807

Martha HOLLINS, as Personal Representative of the Estate of Geisla Hollins, Appellant v. RICHLAND COUNTY SCHOOL DISTRICT ONE, Respondent.

(427 S.E. (2d) 654)

Supreme Court

*John Kassel,* of *Suggs & Kelley,* Columbia, *for appellant.*

*Kenneth L. Childs, David E. Dubberly* and *Andrea E. White,* all of *Childs & Duff, P.A.,* Columbia, *for respondent.*

Heard March 10, 1992; Decided Feb. 22, 1993.

Reh. Den. March 23, 1993.

CHANDLER, Justice:

This action involves the South Carolina Tort Claims Act (Act), S.C. Code Ann. § 15-78-10 *et. seq.* (Cum. Supp. 1991). Martha Hollins (Hollins) appeals an Order granting Richland County School District Number One (School District) a directed verdict based upon Hollins' failure to establish gross negligence, as required by the Act.

We reverse and remand for trial.

## FACTS

On May 25, 1987, Hollins' eleven year old daughter, Geisla, was struck and killed by an automobile while attempting to cross Highway 277 in Columbia. The facts giving rise to the incident are:

Geisla was a fifth grade student at Burton Elementary School, located on the west side of Highway 277 along Farrow Road. She lived with Hollins in the Bethel Bishop Apartments on the opposite side of Highway 277. Geisla rode the bus to and from school except on Tuesdays and Thursdays, on which days she attended an after-school drama class. Following the class, there being no bus service, she received, with Hollins' permission, a ride home from her teacher, Mrs. Winchell.

For disciplinary reasons, Geisla's bus privileges were suspended for five school days, beginning May 21. A note given to Geisla by the school principal advising of the suspension, was never given to Hollins.

Unbeknownst to Hollins, Geisla's Tuesday afternoon drama class was moved to Monday, May 25. Geisla, for reasons un-

known, did not attend the class. She walked home and was fatally struck by an automobile while attempting to cross Highway 277.

Hollins instituted these wrongful death and survival actions under the Tort Claims Act, alleging School District's gross negligence in failing to properly notify her of the bus suspension. At the close of Hollins' evidence, trial court granted School District a directed verdict.

## ISSUE

Should the issue of gross negligence have been submitted to the jury?

## DISCUSSION

In ruling on a motion for directed verdict, it is the duty of the court to view the evidence and all inferences which may reasonably be drawn therefrom in the light most favorable to the non-moving party. *Horton v. Greyhound Corp.*, 241 S.C. 430, 128 S.E. (2d) 776 (1962).

Here, trial court concluded that the issue of gross negligence should not be submitted to the jury for the reason that School District's failure to ensure notice to Hollins of the bus suspension was irrelevant. He based this conclusion upon his finding that, irrespective of notice to Hollins, Geisla would not have ridden the bus on the day of her death but, rather, would have ridden home with the teacher, Mrs. Winchell. This conclusion is not supported by the record.

The evidence is, at best, inconclusive as to whether Geisla knew of the rescheduled drama class on the Monday in question. The only testimony on this issue is that of Mrs. Winchell, the drama teacher:

Q. You arrived, you conducted the class and she wasn't there?

A Yes.

Q. And when you—did anybody tell you why she wasn't there?

A. They said that she had something to do or something like that.

Q. I think the question is did anybody tell you why she wasn't there? Yes or no.

A. They said she had to leave early.

Although it was argued by counsel that Geisla may have gone to the class, and then left, there is no evidence supporting this inference.

Moreover, Hollins testified that she had no knowledge of the rescheduled drama class, believing "it was just a regular day at school."

This being the only evidence of record, School District was not entitled to a directed verdict on the ground that Geisla would not have ridden the bus that day. Clearly, the evidence is susceptible of the inference that either Geisla did not know of the class or, for an unknown reason, was unable to attend. Whether Geisla would have ridden the bus was a matter for the jury. Accordingly, School District's manner of notification of the bus suspension was relevant and should have been addressed by the trial court.[1]

A governmental entity is not liable for loss resulting from "responsibility or duty including but not limited to supervision, protection, control, confinement or custody of any student . . . except when the responsibility or duty is exercised in a *grossly* negligent manner." S.C. Code Ann. § 15-78-60(25) (Cum. Supp. 1991). (Emphasis supplied.)

---

[1] I disagree with the dissent's contention that Hollins waived the argument that School District was grossly negligent in failing to notify her of the bus suspension. To the contrary, the following excerpt clearly demonstrates Hollins' continued reliance upon this theory.

THE COURT: So, she would not have been riding the bus on the day under any circumstances. Even if she had not been suspended, she wouldn't have been riding the bus, would she?

MR. KASSEL: Judge, to be candid with the court when I first got into this case I thought that was what happened. You know, the whole notification may have been irrelevant because she was going to drama club.

THE COURT: Well, frankly, it was the court's understanding, too, until Mr. Childs made his argument that there was no connection. That was the court's understanding, too.

MR. KASSEL: And after looking at this case it appears that Geisla *may* have gone to the drama class and stayed for just a minute and then left because the teacher didn't come. And, therefore, that brings the bus back into the picture. That brings the failure to notify the suspension back into the picture. That's the connection. There she was on May 25th standing out in front of the school yard without a bus ride home, not due necessarily to the school's fault. They had a right to suspend her. But mama wasn't there to provide her a ride home and that was the school's fault.

(Tr. pp. 103-104) (Emphasis supplied.).

This Court has defined gross negligence in a number of ways. In *Anderson v. Ballenger*, 166 S.C. 44, 55, 164 S.E. 313, 317 (1932), we held that it was "the failure to exercise slight care." In subsequent cases, it has been defined as "the intentional, conscious failure to do something which it is *incumbent* upon one to do or the doing of a thing intentionally that one ought not to do." *Richardson v. Hambright*, 296 S.C. 504, 506, 374 S.E. (2d) 296, 298 (1988) (Emphasis supplied). We have also stated that "[g]ross negligence is a relative term, and means the *absence of care that is necessary under the circumstances.*" *Hicks v. McCandlish*, 221 S.C. 410, 415, 70 S.E. (2d) 629 (1952) (Emphasis supplied).

■ We hold, under these factual circumstances,[2] that whether School District exercised "slight care" in sending a note home with eleven year old Geisla was a question for the jury.[3] Under proper instructions, it was for the jury to determine whether School District's failure to ensure that Hollins received actual notice of Geisla's bus suspension constituted gross negligence.

The judgment below is

Reversed and remanded.

FINNEY and TOAL, JJ., concur.

HARWELL, C.J., dissenting in separate opinion in which RANDALL T. BELL, Acting Associate Justice, concurs.

HARWELL, Chief Justice, dissenting:

I respectfully dissent. In my opinion, the theory upon which the majority reverses was expressly waived below, and cannot now be asserted. See *Gatewood v. Moses*, 39 S.C.L. (5 Rich.) 244 (1852).

---

[2] The factual circumstances here are distinguishable from those which were held to constitute "slight care" in *Richardson, supra.* There, the School District took measures to ensure both students *and* parents had notification of a driving/riding policy, and the students involved were high school age, as opposed to grade schoolers of Geisla's age.

[3] Although trial court did not specifically rule on this issue, remand for a determination of the matter would not serve the interests of judicial economy. A ruling adverse to Hollins would necessitate a second appeal to this Court on the precise issue which the parties have briefed: A ruling favorable to Hollins would mandate a new trial which is the result we reach today.

In her original pleadings, Hollins alleged that the School District had been grossly negligent in failing to ensure that she received notice that Geisla had been suspended from riding the bus. As facts developed during trial, however, it became apparent that notice to Hollins would have been immaterial had Geisla relied on her drama teacher for a ride home on the day of the accident. As I read the record, during argument against the School District's motion for directed verdict Hollins conceded that Geisla had attended drama class. As a result, Hollins abandoned her original theory in order to argue that the School District had been grossly negligent because it had failed to inform the drama teacher of the dangerous highway nearby. According to Hollins's trial counsel:

> There's evidence in the record that at least maybe two children left [the class] . . . [I]t's certainly within the purview of the jury to come to the conclusion that [Geisla] left because she didn't believe her teacher was coming or that the teacher was late and she didn't know how she was going to get a ride home . . . I don't think [the drama teacher's] lateness was gross negligence *but I think what was gross negligence was the failure of the school to inform [the drama teacher] of the importance of that highway and the danger of that highway* . . . And I think the jury could find that if she had had that information she would have taken her duty to be on time more seriously and she would not have been late. (Emphasis added.)

Consequently, the trial judge granted a directed verdict in favor of the School District based on his determination that "making [the drama class teacher] aware of Highway 277 would not have kept Geisla from missing the scheduled drama practice and walking away from school."

The theory pursued in trial court in regard to relief sought and grounds thereof must be adhered to in the reviewing court. *Bramlett v. Young*, 229 S.C. 519, 93 S.E. (2d) 873 (1956). In my view, there is no evidence to warrant submitting to the jury the question of whether the School District was grossly negligent in failing to inform the drama teacher of the highway. *See Woodward v. Todd* 270 S.C. 82, 240 S.E. (2d) 641 (1978). I would affirm.