1978

Gary SMART, by his guardian ad litem, Rosa Mae CLARK, Respondent v. HAMPTON COUNTY SCHOOL DISTRICT NO. 2, Appellant. Rosa Mae CLARK, Respondent v. HAMPTON COUNTY SCHOOL DISTRICT NO. 2, Appellant.

(432 S.E. (2d) 487)

Court of Appeals

*Bruce E. Davis*, Camden, *for appellant.*

*Winston A. Lawton, Jr.*, of *Solomons & Lawton*, Estill, *for respondent.*

Submitted Jan. 18, 1993; Decided Mar. 22, 1993.

Refiled on Den. of Reh. June 2, 1993.

GARDNER, Judge:

Gary Smart (Smart), a minor represented by his guardian ad litem, sought damages from the Hampton County School District No. 2 (the school district) for injuries received in a classroom scuffle. The student's mother sought damages for medical expenses and other injuries suffered by her as a result of the incident. The trial judge denied the school district's motion for a directed verdict made on the ground that there was no evidence of gross negligence. A jury returned a verdict of $25,000 for Smart and $3,000 for his mother. The trial

judge denied the defendant's motion for judgment notwithstanding the verdict. The school district appeals. We affirm.

## FACTS

Smart was a thirteen-year-old student at Estill Middle School at the time of the incident. Two of his classmates had continuously teased and harassed Smart for approximately five months prior to the classroom altercation at issue.[1] The classmates had been sent to the office and disciplined on several occasions as a result of their conduct. The teacher had admonished the boys not to tease Smart and were paddled on one occasion.

On May 27, 1988, Smart complained to the teacher at the start of class that his troublesome classmates were throwing spitballs at him and teasing him. Smart asked the teacher for assistance. The teacher instructed the boys to stop, evidently to no avail because they only discontinued their behavior when she looked in their direction. At the end of the class period, a fight began involving the three boys, and Smart broke his leg in a fall.

Viewing the evidence in the light most favorable to Smart, there is evidence of record that the teacher was aware that the arrangement of a classroom could be used for behavioral management purposes. There is of record a drawing by Smart which shows that he was seated between the two boys who harassed him. Smart also testified that the teacher never moved the students and that these boys were not his friends.

## DISCUSSION

In an action at law, on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to a correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings. *Townes Assoc., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976).

The only issue addressed by this appeal is whether there is any evidence of gross negligence on the part of the school district which proximately caused Smart's injury.

---

[1] We note that there is undisputed evidence of record that Smart was well behaved in school and in his home life.

The most recent Supreme Court case defining gross negligence is *Hollins v. Richland City School Dist. One,* —, S.C. —, —, 427 S.E. (2d) 654, 656 (1993) (Harwell, C.J. and Bell, A.J., dissenting), in which the Court stated:

> This Court has defined gross negligence in a number of ways. In *Anderson v. Ballenger,* 166 S.C. 44, 55, 164 S.E. 313, 317 (1932), we held that it was 'the failure to exercise slight care.' In subsequent cases, it has been defined as 'the intentional, conscious failure to do something which it is *incumbent* upon one to do or the doing of a thing intentionally that one ought not to do.' *Richardson v. Hambright,* 296 S.C. 504, 506, 374 S.E. (2d) 296, 298 (1988) (Emphasis supplied). We have also stated that '[g]ross negligence is a relative term, and means the *absence of care that is necessary under the circumstances.' Hicks v. McCandlish,* 221 S.C. 410, 415, 70 S.E. (2d) 629 (1952) (Emphasis supplied).

In *Hollins* the trial court concluded that the issue of gross negligence should not be submitted to the jury. The Supreme Court reversed the directed verdict stating, "whether School District exercised 'slight care' . . . was a question for the jury." *Id.* — S.C. at —, 427 S.E. (2d) at 656.

According to Smart's testimony, he was seated between the troublesome boys. The record reflects that the teacher did not separate the boys after he had complained about their behavior. She knew that the seating arrangement of the classroom could be used to mitigate unruly behavior, but failed to use her knowledge and separate the boys. We hold that this is evidence of "a failure to exercise slight care" which reasonably supports the jury's finding in favor of Smart and his mother.

For the foregoing reasons, we affirm.

Affirmed.

SHAW and BELL, JJ., concur.