2000

Fernaudra CLYBURN, Appellant v. SUMTER COUNTY SCHOOL DISTRICT 17, Respondent.

(429 S.E. (2d) 862)

Court of Appeals

---

*W. Jeffrey Young*, Sumter, *for appellant.*

*Bruce E. Davis*, Camden, *for respondent.*

Heard March 15, 1993; Decided April 19, 1993.

Reh. Den. May 27, 1993.

LITTLEJOHN, Acting Associate Judge:

Fernaudra Clyburn, a high school student, sued the Sumter County School District No. 17 (the School District) for injuries she received when attacked by a nonstudent on a school bus. The trial court granted summary judgment to the School District and Clyburn appeals. We affirm.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, SCRCP; *Baugus v. Wessinger*, 303 S.C. 412, 401 S.E. (2d) 169 (1991). Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Baugus.* Summary judgment should not be granted even when there is no dispute as to the evidentiary facts if there is dispute as to the conclusion to be drawn from those facts. *Id.* All ambiguities, conclusions, and infer-

ences arising in and from the evidence must be construed most strongly against the movant. *Id.; Grooms v. Marlboro County School District,* — S.C. —, 414 S.E. (2d) 802 (Ct. App. 1992) (in deciding summary judgment motions, the record must be liberally construed in favor of the nonmoving party, who must be accorded the benefit of all inferences reasonably drawn from the record).

Clyburn and Sylvia Witherspoon were student passengers on one of the School District's school buses. On October 25, 1990, as she got off of the bus, Sylvia Witherspoon got into an altercation with Clyburn's niece. The bus driver refused Clyburn's request to get off at that point, and required her to remain on the bus and disembark at her regular stop. After getting off the bus, Clyburn returned to the area where her niece and Sylvia Witherspoon had been arguing. Clyburn encountered, among others, Johnnie Mae Witherspoon (the Assailant), the nonstudent adult sister of Sylvia Witherspoon. Clyburn and the Assailant got into a fight.

The next morning, Friday, the Assailant and her mother were with about a dozen people waiting to board the bus. The driver was not immediately aware of their presence, but when she saw them she ordered them to get off the bus. They ignored her and proceeded to where Clyburn was seated. The driver immediately followed them and ordered them off the bus. Witherspoon's mother made verbal threats to Clyburn and as she left the bus she said to Clyburn, "Bitch, I will be back."

The driver reported the incident the same day to Lamar Atkins, the District's Director of Transportation Services. The driver told Atkins that the Assailant had attacked Clyburn and had said they would meet again. Atkins was also aware of the Thursday incident involving Clyburn's niece.

Atkins called both Clyburn and Sylvia Witherspoon to meet with him and the driver. Atkins admonished Clyburn and Sylvia for their behavior and tried to call their parents on the telephone. He wanted to counsel the parties on the students' unacceptable behavior and potential consequences of that behavior. Clyburn's mother was at work and her employer would not let her take nonemergency calls. The Witherspoon number was disconnected. Atkins informed Sylvia and Clyburn that he needed to talk with their parents quickly to

resolve this matter without having to pursue criminal charges.

Atkins called Bates Middle School where Clyburn's niece was enrolled and asked the assistant principal to direct her to stay away from the high school students' bus stop and away from the situation. No one contacted Atkins about the matter that Friday evening or over the weekend. Atkins did not attempt further contact during the weekend. Clyburn stated that Atkins assured her after the Friday incident that he would take care of the matter.

After the attack the bus driver looked for the Assailant at the bus stop. She told the Assailant that she would not stop the bus if the Assailant was at the bus stop.

The following Monday nothing occurred. However, the next day the Assailant was at the bus stop and boarded the bus, escaping the driver's immediate recognition. The driver went after the Assailant to remove her from the bus and saw her swing a knife at Clyburn. The rush of students fleeing the violence trampled the driver and knocked her from the bus. Upon the Assailant's attack, Clyburn reached into her bag and produced a foot-long crescent wrench which she swung at the Assailant. The Assailant cut Clyburn on the forehead, hand and wrist and ran from the bus. Clyburn gave chase, but was restrained and taken to the hospital by a teacher who was passing by.

The trial court reviewed the facts, and noted that Clyburn argued the School District's failure to enforce S.C. Code Ann. § 59-67-245 (1990) (penalties for interference with a school bus) was sufficient for a jury to find gross negligence. The trial court disagreed, holding:

> It is not incumbent upon the school district to seek enforcement of the statute; for the Director of Transportation to exercise his discretion not to do so in favor of first attempting to resolve the matter short of police and criminal law enforcement activity, as he had successfully done with prior problems of this kind, [Atkins' Deposition, pp. 17 & 24], cannot reasonably be construed as wilful, wanton or reckless conduct as required to avoid immunity from liability for injury sustained by a student under their supervision.

The trial court stated that "the plain and undisputed facts show the school officials' conduct to be far from 'indifferent' and at the very least an exercise of 'slight care'; and on this conclusion reasonable minds cannot differ." Accordingly, the court granted summary judgment for the School District and Clyburn appealed.

A governmental entity may be liable to a student for a loss when the entity's responsibility to supervise, protect, or control a student is exercised in a grossly negligent manner. S.C. Code Ann. § 15-78-60(25) (Supp. 1992); *Hollins v. Richland County School Dist.*, — S.C. —, 427 S.E. (2d) 654; (1993); *Woodell v. Marion School Dist. 1*, — S.C. —, 414 S.E. (2d) 794 (Ct. App. 1992). Gross negligence is the failure to exercise slight care. *Hollins*. It is "the intentional, conscious failure to do something which it is *incumbent* upon one to do or the doing of a thing intentionally that one ought not to do." *Id.* 427 S.E. (2d) at 656 (emphasis in the original). "[G]ross negligence is a relative term, and means the *absence of slight care that is necessary under the circumstances.*" *Id.* (emphasis in the original). *Accord Grooms v. Marlboro County School District* (where a person is so indifferent as to his conduct as not to give slight care to what he is doing, he is guilty of gross negligence).

We have reviewed the record with these principles in mind, and conclude that the only reasonable inference to be drawn is that the School District exercised at least slight care in this case. Clyburn argues that Atkins could have called the police after the first incident involving the Assailant boarding the school bus, but she points to nothing which made it "incumbent" upon him to do so.[1] She also fails to point to anything else which infers the intentional, conscious

---

[1] Clyburn argues that a jury should be allowed to determine whether the School District was guilty of gross negligence for failing to bring a criminal action against the Assailant pursuant to S.C. Code Ann. § 59-67-245 (1990) after the first attack. Section 59-67-245 makes it unlawful to wilfully and wrongfully interfere with the operation of a school bus by, among other things, boarding the bus or using physical or verbal threats against any passenger. It is undisputed that the Assailant violated this provision. However, nothing in the section requires school officials to take any action to enforce its provisions. In fact, the last sentence provides "[n]othing contained herein shall be interpreted to infringe upon the power and duties of duly constituted authorities." Clyburn has pointed to no other provision of law which requires school officials to pursue criminal action for every violation of § 59-67-245.

failure to do something which it was incumbent upon Atkins or any other District employee to do, or the doing of a thing intentionally that they ought not to have done.

We are aware that the Supreme Court in the *Hollins* case recently found that, under the particular factual circumstances of that case, whether the school district exercised "slight care" in sending a note home with an eleven-year-old, grade-school child, who was struck by a car while walking home, was a question for the jury. The Supreme Court stated that it was for the jury to determine whether the District's failure to ensure that the child's mother received actual notice of the child's bus suspension constituted gross negligence. In a footnote, however, the Court distinguished *Hollins* from *Richardson v. Hambright*, 296 S.C. 504, 374 S.E. (2d) 296 (1988), in the following manner: in *Hambright*, the School District took measures to ensure that both students and parents had notification of a driving/riding policy, and the students involved were high school age, not grade school. It is clear that the Supreme Court intended to limit the holding of *Hollins* to the facts of that particular case.

In this case, Atkins admonished Clyburn and Sylvia Witherspoon, the Assailant's younger sister, for their behavior and attempted to contact their parents. He warned both girls that he needed to speak with their parents quickly to resolve this matter without having to pursue criminal charges. He called the middle school where Clyburn's niece was enrolled and asked the assistant principal to direct the niece to stay away from the high school bus stop. The bus driver kept a lookout for the Assailant and informed the Assailant that she would not stop the bus if she saw the Assailant at the bus stop. Atkins did not notify the police about the first time the Assailant boarded the bus because he had dealt with similar incidents in the past without involving the police.

As in the *Hambright* case, the students in this case were high school age, not middle school. Furthermore, while Atkins or the bus driver might have taken other steps to ensure that the second attack would not occur (and were perhaps guilty of ordinary negligence in failing to do so), we find that at the very least they exercised "slight care," just as the Supreme Court found in the *Hambright* case. We agree with the trial court's ruling that the District was not grossly negligent as a

matter of law, and that summary judgment was appropriate. *Richardson v. Hambright*. The trial court's judgment is accordingly

Affirmed.

GOOLSBY, J., concurs.

CURETON, J., dissents in separate opinion.

CURETON, Judge (dissenting):

I dissent for the reason I think the recent case of *Hollins v. Richland County*, — S.C. —, 427 S.E. (2d) 654 (1993), mandates a reversal of the grant of summary judgment.

In *Hollins*, the mother of an eleven-year-old student brought suit against the School District after her daughter was killed attempting to cross a highway while walking home from school. The child had been suspended from riding the school bus for five (5) days, but the mother had not received notice of the suspension because the daughter did not deliver to her the school's note. The court stated that whether the School District exercised slight care in sending a note home with an eleven year old was a question for the jury. Under proper instructions, the court stated, it was for the jury to determine whether the School District's failure to ensure the mother received actual notice of the bus suspension constituted gross negligence.

I would hold that whether the School District was guilty of gross negligence in preventing the second attack upon Clyburn was a matter for the jury. The District's Director of Transportation was well aware of the trouble between these individuals and could have taken legal action against Clyburn's assailant for boarding the bus four days prior to the second attack. The driver admitted that she knew the assailant, was aware of the danger, and was keeping a lookout for the assailant to prevent her from causing trouble after the first incident. Despite this, the assailant was able to board the bus and attack Clyburn with a knife. Additionally, as in *Hollins*, I think that whether, under the circumstances of this case, the School District exercised even slight care in failing to notify Clyburn's parents of the attack for some four days, was a question of fact for the jury. Presumably, Clyburn's

parents would have arranged for alternate transportation to school or taken steps to protect their daughter.

Viewing the evidence and the conclusions to be drawn therefrom most favorably for Clyburn, I would hold that either a genuine issue of fact exists, or an inquiry into the facts is desirable to clarify application of the law.