No. 74–1130. FRIEDMAN ET AL. *v.* UNITED STATES. C. A. 8th Cir. Certiorari denied.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner Sooner State News Agency was convicted in the United States District Court for the Eastern District of Arkansas of transporting obscene literature through the United States mail in violation of 18 U. S. C. § 1465, which provides in pertinent part as follows:

> "Whoever knowingly transports in interstate or foreign commerce for the purpose of sale or distribution any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, phonograph

recording, electrical transcription or other article capable of producing sound or any other matter of indecent or immoral character, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Petitioners Friedman, Mitchum, Fishman, and Boyd were convicted in the same District Court of conspiracy to violate 18 U. S. C. § 1465. 18 U. S. C. § 371. The Court of Appeals for the Eighth Circuit affirmed all petitioners' convictions. 506 F. 2d 511 (1974).

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, which is similar in scope to § 1465, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." 413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgments of the Court of Appeals for the Eighth Circuit were rendered after *Orito,* reverse. In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it does not appear from the petition and response that the obscenity of the disputed material was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioners must be given an opportunity to have their cases decided on, and to introduce evidence relevant to, the legal standard upon which their

convictions have ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgments below and remand for a determination whether petitioners should be afforded a new trial under local community standards.