MAR FOOD CORPORATION et al., Plaintiffs

v.

David DOANE et al., Defendants.

No. 73 C 1959.

United States District Court, N. D. Illinois, E. D.

Dec. 2, 1975.

Ronald L. Futterman, Pressman & Hartunian, Chicago, Ill., for plaintiffs.

George L. Plumb, Pedersen & Houpt, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This case is before the Court on motion to determine whether leave should be granted to plaintiffs to file a second amended complaint and whether Count I of that complaint states a claim upon which relief can be granted under section one of the Sherman Act, 15 U.S.C. § 1.[1] In addition to presenting a new theory of liability under the Sherman Act in the second amended complaint, plaintiffs seek to add certain additional defendants.

In light of the liberal grounds provided in the Federal Rules of Civil Procedure for amendment in the interests of justice, leave is hereby granted to plaintiffs to file their second amended complaint, Fed.R.Civ.P. 15(a).

Counts II and III, founded on diversity jurisdiction, state claims upon which relief may be granted for alleged unfair methods of competition torts. For the reasons stated below, however, Count I is dismissed.

This Court finds that the various methods of unfair competition alleged in the second amended complaint, such as disparaging plaintiffs' business, breaching fiduciary duties and soliciting plaintiffs' customers, do not state a cause of action under section one of the Sherman Act. Plaintiffs cite in support of their antitrust theory a line of cases beginning with the First Circuit's *Albert Pick-Barth Co. v. Mitchell Woodbury Corp.*, 57

---

1. On July 21, 1975, leave was granted to plaintiffs to file their second amended complaint; however, on the Court's own motion, Count I was dismissed at that time for failure to state a claim upon which relief can be granted. The order of July 21, 1975 is hereby vacated and this Court will rule on these issues in this memorandum opinion.

F.2d 96 (1st Cir.), *cert. denied*, 286 U.S. 552, 52 S.Ct. 503, 76 L.Ed. 1288 (1932) and continuing through *Tower Tire & Auto Center v. Atlantic Richfield Co.*, 392 F.Supp. 1098 (S.D.Tex.1975). *Pick-Barth* and its progeny hold that a conspiracy with intent to hurt a competitor by means of unfair methods of competition is a *per se* violation. In *George R. Whitten Jr., Inc. v. Paddock Pool Bldrs., Inc.*, 508 F.2d 547 (1st Cir. 1974), *cert. denied*, 421 U.S. 1004, 44 L.Ed.2d 673, 95 S.Ct. 2407 (1975), the First Circuit acknowledged its previous failure to define with precision those practices which were to be held a *per se* violation. *Id.* at 561. Indeed, the First Circuit expressed doubts about its earlier pronouncements and limited its *per se* treatment to conspiracies and those instances where intent and actions are directed at eliminating a competitor rather than merely injuring a competitor's business.

In the absence of any Supreme Court decisions on the issue, the *Pick-Barth* line of authority is unpersuasive. The distinction between practices directed at injuring a competitor as opposed to eliminating him is indeed hazy. Great care should be exercised in creating new *per se* categories of antitrust liability which would elevate to a federal crime that which was previously a state law civil wrong. In addition, the creation of antitrust liability for unfair competition torts would greatly expand the number of actions brought under the Sherman Act and would in effect create a federal common law of unfair competition. See *Whitten, supra* at 560. To equate unfair competition torts with price-fixing and thus to create a new *per se* category is unsound in light of the limited case law in this area. Plaintiffs' Count I is therefore held not to state a *per se* violation of the Sherman Act.

Under a rule of reason analysis, plaintiffs' Count I is also lacking. In the *Pick-Barth* line of cases, defendants' businesses were a significant factor in the markets in question. *Tower Tire & Auto Center, supra* at 1108. Here, plaintiffs have failed to allege a lessening of competition within a defined market which in any way injures the public. See *duPont Walston, Inc. v. E. F. Hutton & Co., Inc.*, 368 F.Supp. 306 (S.D.Fla. 1973).

Leave is hereby granted for plaintiffs to file their second amended complaint. Count I of that complaint, however, will be dismissed for failure to state a claim under the Sherman Act upon which relief can be granted.

It is so ordered.