No. 83–1896. MOBIL OIL CORP. *v.* BLANTON ET AL. C. A. 9th Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

In this case, the United States Court of Appeals for the Ninth Circuit affirmed a jury verdict that petitioner had attempted to monopolize in violation of § 2 of the Sherman Act, ch. 647, 26 Stat. 209, as amended, 15 U. S. C. § 2, and was therefore liable to respondents for treble damages. 721 F. 2d 1207 (1983). Ordinarily, a finding of attempted monopolization depends on a showing that there was a dangerous probability that the defendant would succeed in monopolizing a relevant market. See *Walker Process Equipment, Inc.* v. *Food Machinery & Chemical Corp.*, 382 U. S. 172, 177 (1965); *Swift & Co.* v. *United States*, 196 U. S. 375, 396 (1905); *Berkey Photo, Inc.* v. *Eastman Kodak Co.*, 603 F. 2d 263, 271–275 (CA2 1979), cert. denied, 444 U. S. 1093 (1980). In this case, the jury found that the relevant submarket that petitioner had attempted to monopolize consisted of sales of "Mobil-branded and non-Mobil-branded oil, lubricants, and [tires, batteries, accessories and specialties] to Mobil dealers."

On appeal, petitioner contended that, as a matter of law, sales to Mobil dealers only could not constitute a relevant submarket. The Court of Appeals found it unnecessary to address this contention, for it concluded that the finding of attempted monopolization could be sustained without reference to the effects of petitioner's conduct in any relevant market. The court relied in part on the Ninth Circuit's earlier ruling in *Lessig* v. *Tidewater Oil Co.*, 327

F. 2d 459, cert. denied, 377 U. S. 993 (1964), in which the court had held that the relevant market was not an issue in an attempted monopoly case. In subsequent cases, the Ninth Circuit had refined the holding of *Lessig* to allow avoidance of the issue of effects in a relevant market only in cases where the plaintiff had proved "either predatory conduct or a *per se* violation of § 1 [of the Sherman Act, 15 U. S. C. § 1]." *Gough* v. *Rossmoor Corp.*, 585 F. 2d 381, 390 (1978), cert. denied, 440 U. S. 936 (1979). Relying on the "*Lessig* doctrine" as modified in *Gough*, the court held that because respondents had proved that petitioner had engaged in practices that constitute *per se* violations of § 1 of the Sherman Act, the attempted monopolization verdict could be sustained without reference to the probability that petitioner's conduct would lead to monopolization of any relevant market.

Sections 1 and 2 of the Sherman Act are directed to different sorts of threats to competition in our economy. Section 1 proscribes concerted action—contracts, combinations, and conspiracies in restraint of trade. Such concerted action is so inherently threatening to competition that in certain instances it is forbidden without regard to whether it has actually damaged competition in a particular market. Section 2 regulates unilateral conduct by outlawing monopolization and attempted monopolization. Because unilateral conduct is far less likely than concerted action to pose a threat to competition, "[t]he conduct of a single firm is governed by § 2 alone and is unlawful only when it threatens actual monopolization." *Copperweld Corp.* v. *Independence Tube Corp.*, 467 U. S. 752, 767 (1984).

Because the *Lessig* doctrine allows a violation of § 2 to be found on the basis of a *per se* violation of § 1, without regard to the effect of a defendant's conduct in any relevant market, it appears to be in tension with these principles. In addition, the doctrine, although accepted within the Ninth Circuit for over 20 years, has been explicitly rejected by a number of Courts of Appeals outside the Ninth Circuit. See *Edward J. Sweeney & Sons, Inc.* v. *Texaco, Inc.*, 637 F. 2d 105, 117 (CA3 1980), cert. denied, 451 U. S. 911 (1981); *Photovest Corp.* v. *Fotomat Corp.*, 606 F. 2d 704, 711–712 (CA7 1979), cert. denied, 445 U. S. 917 (1980); *Spectrofuge Corp.* v. *Beckman Instruments, Inc.*, 575 F. 2d 256, 276, and n. 69 (CA5 1978), cert. denied, 440 U. S. 939 (1979); *FLM Collision Parts, Inc.* v. *Ford Motor Co.*, 543 F. 2d 1019,

1030 (CA2 1976), cert. denied, 429 U. S. 1097 (1977); *E. J. Delaney Corp.* v. *Bonne Bell, Inc.*, 525 F. 2d 296, 305 (CA10 1975), cert. denied, 425 U. S. 907 (1976); *George R. Whitten, Jr., Inc.* v. *Paddock Pool Builders, Inc.*, 508 F. 2d 547, 550 (CA1 1974), cert. denied, 421 U. S. 1004 (1975); *Agrashell, Inc.* v. *Hammons Products Co.* 479 F. 2d 269, 287 (CA8), cert. denied, 414 U. S. 1022 (1973). The questionable validity of the doctrine on which the decision of the Ninth Circuit in this case rested and the longstanding conflict among the Circuits over the issue indicate that this case is one that this Court ought to resolve. I would therefore grant the petition for certiorari.