1454

William B. LATTIE, Appellant v. SHS ENTERPRISES, INC., d/b/a Midas
(389 S. E. (2d) 300)

Court of Appeals

---

*Fleet Freeman,* of *Bernstein & Freeman,* Charleston, *for appellant.*

*Timothy W. Bouch* and *Stephen P. Groves, Young, Clement, Rivers & Tisdale,* Charleston, *for respondent.*

Heard Jan. 17, 1990.

Decided Feb. 5, 1990.

GOOLSBY, Judge:

William B. Lattie appeals the circuit court's grant of summary judgment to SHS Enterprises, Inc., doing business as Midas Muffler, on his cause of action alleging retaliatory discharge in violation of Section 41-1-80 of the South Carolina Code of Laws (1976 & Supp. 1988). The circuit court held that Lattie "presented no evidence" supporting his claim of retaliatory discharge. We reverse and remand.

In considering the issue of whether the circuit court was correct in granting SHS's motion for summary judgment, we must liberally construe the pleadings, affidavits, and other documents in favor of Lattie, the non-moving party, and give him the benefit of all favorable inferences that might reasonably be drawn therefrom. *Hatchell v. Jackson,* 290 S. C. 256, 349 S. E. (2d) 407 (Ct. App. 1986); 73 Am. Jur. (2d) *Summary Judgment* § 35 at 763 (1974). Summary judgment is only appropriate where it is perfectly clear that no genuine issue of material fact is involved and an inquiry into the facts is not desirable to clarify application of the law. *South Carolina Elec. & Gas Co. v. Combustion Engineering, Inc.,* 283 S. C. 182, 322 S. E. (2d) 453 (Ct. App. 1984).

As we view the pleadings, affidavits, and other documents included in the record, a genuine issue of material fact exists regarding whether, as Lattie's complaint alleges, SHS discharged Lattie in retaliation for his instituting workers' compensation proceedings against SHS or whether, as SHS's answer alleges, SHS discharged Lattie either because Lattie failed to meet its work standards or because Lattie mismanaged the business causing it to lose money. Lattie's complaint alleges, and SHS's answer admits, that on July 18, 1986, he sustained an on-the-job accident while employed by SHS as manager of its West Ashley store in Charleston and that he instituted workers' compensation proceedings on September 4, 1986. Lattie's affidavit states, and the Statement of the Case concedes, that SHS fired him sixteen days later. Lattie's affidavit also states that, during his tenure as store manager, the business operated profitably and that he always met work standards set by his employer. When requested by Lattie to produce documentation reflecting the work standards that SHS claimed Lattie violated, SHS responded that "none exists."

The proximity in time between Lattie's instituting the workers' compensation proceedings and his firing, when coupled with evidence of his satisfactory work performance, is sufficient to enable Lattie to establish a prima facie case and to avoid summary judgment in SHS's favor on his claim for retaliatory discharge. 2A LARSON, WORKMEN'S COMPENSATION § 68.36(c) at 13-186 (1989); *see Wallace v. Milliken & Company,* Op. No. 1448, ____ S. E. (2d) ____ (S. C. Ct. App. filed Jan. 8, 1990) (recognizing that a claimant in a retaliatory discharge action must ordinarily rely on circumstantial evidence and holding that evidence that an employer discharged on December 15, 1986, an employee who had obtained workers' compensation benefits because of a work-related injury on September 10, 1986, was sufficient to support a finding of retaliatory discharge).[1]

Accordingly, the judgment is

Reversed and remanded.

SANDERS, C. J., and SHAW, J., concur.

---

[1] Neither the parties nor the circuit court, of course, had available our decision in *Wallace v. Milliken & Company,* ____ S. C. ____, 389 S. E. (2d) 448 (Ct. App. 1990), when the court entertained SHS's motion for summary judgment.