1484

Patrick BATES, Appellant v. CITY OF COLUMBIA, Respondent.

(391 S.E. (2d) 733)

Court of Appeals

*John W. Foard* and *J. Carlisle Oxner*, Columbia, *for appellant.*

*City Atty. James Meggs*, Columbia, *for respondent.*

Heard March 19, 1990.

Decided April 2, 1990.

GOOLSBY, Judge:

Patrick Bates appeals from an order granting the City of Columbia summary judgment in an action brought by Bates pursuant to the South Carolina Tort Claims Act, S.C. CODE ANN. § 15-78-10, *et seq.* (Supp. 1989). Bates' complaint alleges two Columbia police officers unlawfully searched his bicycle and unlawfully arrested and imprisoned him. The trial court

found the officers conducted no search of Bates' bicycle and had probable cause for arresting Bates. We reverse and remand.

■ Summary judgment should be granted only where it is perfectly clear that no genuine issue of material fact exists and an inquiry into the facts is not desirable to clarify application of the law. *Lattie v. SHS Enterprises, Inc.*, 300 S.C. 417, 389 S.E. (2d) 300 (1990). In determining whether to grant summary judgment, the pleadings and documents on file must be liberally construed in favor of the nonmoving party who must be given the benefit of all favorable inferences that might reasonably be drawn from the record. *Id.*

A review of the facts in the light most favorable to Bates and as revealed by the pleadings and the three depositions on file follows.

On May 19, 1987, the City's police department advised officers at roll call to be on the lookout for a black male riding a red, ten-speed style bicycle in the areas of Waites Road, Read Street, and Waverly Street in Columbia. Persons fitting the description were regarded as suspects in several fire bombings.

Some two hours later, Officers Kathleen M. George and Karen Mintzer spotted Bates, a black male, pedaling a red, ten-speed style bicycle on Waites Road and carrying a lunch cooler. They asked him to stop and he did.

The officers approached Bates and asked him what was in the cooler and who owned the bicycle. Bates opened the cooler and showed the officers it was empty. He told the officers the bicycle belonged to his cousin. Bates also told them he was on his way home from work.

The officers then, as Officer George testified at her deposition, "looked over" the bicycle, looking for its serial number. They found the number, as Officer George described it, "on the back sprocket that's on the frame of the bicycle."

On finding the number, the officers called police headquarters to determine whether the bicycle was stolen. Using information provided by the National Crime Information Center ("NCIC"), headquarters advised the officers the bicycle had been stolen in Fontana, California. After receiving the NCIC report, the officers arrested Bates and

charged him with receiving stolen goods.

Following his arrest, Bates was handcuffed, placed in the parol car, taken to the city jail, booked, and put in a jail cell. The officers also took possession of the bicycle and tagged it for identification.

Sometime later, the officers received information from the NCIC that the bicycle had not been stolen after all. The police, however, released Bates from jail and surrendered the bicycle only after Bates' cousin came to the jail with a receipt showing he had purchased the bicycle.

The officers stopped Bates simply because he fit the description of the fire bombing suspect; however, they never questioned Bates about the fire bombings and they at no time saw him commit any crime.

## I.

The trial court held the officers conducted no search of Bates' bicycle when it held "the officers obtained the visible serial number from the bicycle" while they talked with Bates. *See* 68 Am. Jur. (2d) *Searches and Seizures* § 23 at 678 (1973) ("Generally, it does not constitute a 'search' merely to observe what is in plain view."). The City, however, had admitted in its answer to Bates' complaint that the officers had indeed searched the bicycle. The trial court, therefore, erred in making a finding of fact, on summary judgment, that was contrary to and inconsistent with a fact established by the pleadings.[1] *See* S.C.R. CIV. P. 56 (summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact); 76 Am. Jur. (2d) *Trial* § 1264 at 216 (1975) ("[W]here a fact alleged in the complaint is admitted by the answer, the fact is established for the purpose of the case and the court cannot disregard it."); 89 C.J.S. *Trial* § 635 at 467-68 (1955) ("Findings which are contrary to, or inconsistent with, admitted . . . facts are . . . erroneous . . . ."); *cf. Ford v. New York Life Ins. Co.*, 176 S.C. 186, 180 S.E. 37 (1935) (a plaintiff

---

[1] Also not in issue, we might note, is the question of whether the officers had the right to make a nonintrusive investigatory stop of Bates. *See U.S. v. Hensley*, 469 U.S. 221, 105 S. Ct. 675, 83 L. Ed. (2d) 604 (1985). Here, there was an intrusion—the City admits the officers searched Bates' bicycle.

need not prove an allegation of the complaint that has been admitted by the answer).

In any case and assuming the pleadings created an issue concerning whether the officers searched the bicycle for the serial number or whether the serial number was in plain view, the evidence of record is sufficient to raise a jury issue regarding whether the officers searched the bicycle, particularly since they had no reason at the time to suspect it had been stolen. *Cf. State v. Murray*, 84 Wash. (2d) 527, 527 P. (2d) 1303 (1974), *cert. denied*, 421 U.S. 1004, 95 S. Ct. 2407, 44 L. Ed. (2d) 673 (1975) (officers not justified under the plain view doctrine in seizing a television set and tilting it to obtain a serial number since they did not have immediate apparent knowledge that they had incriminating evidence before them).

## II.

The trial court held information received from the NCIC provided a sufficient basis for the officers to arrest Bates. Even granting the officers properly obtained the serial number, a jury issue exists regarding whether the officers had probable cause to arrest Bates under the circumstances. *Jones v. City of Columbia,* __ S.C. __ , 389 S.E. (2d) 662 (1990).

Reversed and remanded.

BELL and CURETON, JJ., concur.

