1765

John Thomas GROOMS, Appellant v. MARLBORO COUNTY SCHOOL DISTRICT, Respondent.

(414 S.E. (2d) 802)

Court of Appeals

*John W. Bledsoe, III,* Hartsville, and *Eugene Huggins,* Bennettsville, *for appellant.*

*William P. Griggs,* Cheraw, *for respondent.*

Heard Jan. 14, 1992.

Decided Feb. 10, 1992.

GOOLSBY, Judge:

This action involves the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 *et seq.* (Supp. 1991). John Thomas Grooms (Tommy) sued the Marlboro County School District under the act for injuries he received while attending a school operated by the school district. The trial court granted the

school district's motion for summary judgment on the grounds that Tommy presented no evidence that the school district exercised in a grossly negligent manner its duty to supervise students in its school, including Tommy, and that the loss suffered by Tommy resulted from an exercise of discretion by the school district. Tommy appeals. We reverse and remand.

Summary judgment should not be granted except where it is perfectly clear that no genuine issue of material fact exists and an inquiry into the facts is not desirable to clarify application of the law. *Bates v. City of Columbia,* 301 S.C. 320, 391 S.E. (2d) 733 (Ct. App. 1990). In determining whether to grant summary judgment, the pleadings and documents on file must be liberally construed in the nonmoving party's favor and the nonmoving party must be accorded the benefit of all favorable inferences that might reasonably be drawn from the record. *Id.*

Viewed in the light most favorable to Tommy, the record shows the following: in 1986, Tommy was an educable, mentally-handicapped, fifteen-year-old in the sixth grade; pursuant to an individual education plan developed by the school district, the school district, with his parent's consent, placed Tommy the following year in the ninth grade at McColl-Fletcher Memorial High School in Marlboro County; after he became a discipline problem, the school district tested Tommy and decided to place him in a self-contained class for educable, mentally-handicapped students at Bennettsville High School; his parents approved the decision on October 22, 1987; Tommy was to begin attending the new class on November 16, 1987; in the meanwhile, McColl-Fletcher's principal, who knew Tommy to be mentally handicapped and was aware of his disruptive behavior, instructed Tommy that he could skip a class if he "felt like he was getting into a situation that was going to cause him trouble" and that he was to report to a school janitor and "stay with him until he felt like he could go back into the class and behave"; on November 11, 1987, while in the company of a janitor and during a time when students were expected to be in class, Tommy and another student began wrestling in a hallway; the janitor did nothing to stop them from wrestling with each other, choosing instead to stand by and watch; Tommy was severely injured when he landed on top of his head; he was taken by ambulance to a hospital; and

he remained hospitalized for several weeks until December 23, 1987.

## I.

The trial court erred in concluding the record contains no evidence that the school district exercised in a grossly negligent manner its duty to supervise students in its school. *See* S.C. Code Ann. § 15-78-60(25) (Supp. 1991) ("[A] governmental entity is not liable for a loss resulting from . . . responsibility or duty including but not limited to supervision, protection, control, . . ., or custody of any student . . . of any governmental entity, except when the responsibility or duty is exercised in a grossly negligent manner[.]"); 78 C.J.S. *Schools and School Districts* § 320, at 1324 (1952) (discussing a state's waiver of immunity from tort liability and the liability of school districts for injuries to a student); *id.* § 321, at 1333 ("With respect to liability for injuries due to negligence, it is the duty of school authorities . . . to supervise the conduct of children on school grounds . . .; and a school district whose . . . employees fail to use ordinary care in the matter of such supervision is liable for injuries resulting from such lack of care, where the district is liable for the negligence of its . . . employees generally.").

Gross negligence, our Supreme Court has held, "is a relative term, and means the absence of care that is necessary under the circumstances." *Hicks v. McCandlish*, 221 S.C. 410, 415, 70 S.E. (2d) 629, 631 (1952). It "connotes the failure to exercise a slight degree of care." *Wilson v. Etheredge*, 214 S.C. 396, 400, 52 S.E. (2d) 812, 814 (1949). Where a person is "so indifferent as to his conduct as not to give slight care to what he is doing . . . he is guilty of . . . gross negligence." *Anderson v. Ballenger*, 166 S.C. 44, 55, 164 S.E. 313, 317 (1932). Gross negligence involves an "intentional, conscious failure to do so something which it is incumbent upon one to do or the doing of a thing intentionally that one ought not to do." *Richardson v. Hambright*, 296 S.C. 504, 506, 374 S.E. (2d) 296, 298 (1988).

Here, the record contains evidence sufficient to create a genuine issue of fact regarding the question of whether the school district exercised in a grossly negligent manner its duty to supervise students in its schools. The school district's

principal permitted Tommy, a mentally-handicapped student with a behavior problem, to be supervised by a school janitor; it allowed Tommy himself to decide when he would be under a janitor's supervision; Tommy, while under the supervision of a janitor and as the janitor stood by and watched, wrestled with another student in a school hallway during a time when all students were expected to be in class; and Tommy was severely injured in the process.

## II.

The trial court also erred in holding that the loss suffered by Tommy resulted from an exercise of discretion by the school district, thus immunizing the school district from liability in accordance with S.C. Code Ann. § 15-78-60(5) (Supp. 1991). It viewed the decision by the principal to allow a janitor to have supervision over Tommy whenever Tommy chose for the janitor to have it as a "judgment call."

Discretionary immunity is an affirmative defense. *Niver v. S.C. Department of Highways and Public Transportation,* 302 S.C. 461, 395 S.E. (2d) 728 (Ct. App. 1990). The burden, therefore, was upon the school district to show that it not only actually weighed competing considerations and alternatives regarding the question of what to do with Tommy in this particular instance but that, in doing so, it utilized accepted professional standards appropriate to resolve the question. *Foster v. South Carolina Department of Highways and Public Transportation,* — S.C. —, 413 S.E. (2d) 31 (1992) (Davis Adv. Sh. No. 1. at 42); *Governmental Immunity for Discretionary Actions Requires Actual Exercise of Discretion,* 43 S.C.L. Rev. 199 (1991). The record contains no evidence that the school district did this.

Moreover, irrespective of whether the decision to place Tommy under the supervision of a janitor involved a proper exercise of discretion, there still remains the question of whether the janitor supervised him in a grossly negligent manner. There is evidence, we noted above, that the janitor was in fact grossly negligent.

Reversed and remanded.

SANDERS, C.J., and LITTLEJOHN, Acting Judge, concur.