THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Nikol Maman,
 Individually and as Natural Guardian for Lorelle M., a Minor, Appellant,
 v.
 Horry County
 School District, Respondent.
 
 
 

Appeal From Horry County
  Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No. 2011-UP-591
 Heard November 1, 2011  Filed December
21, 2011    

AFFIRMED

 
 
 
 Daniel A. Hunnicut, of Conway, for Appellant.
 Allen D. Smith and Jasmine R. Drain, both of Columbia, for
 Respondent.
 
 
 

PER CURIAM: In
 this personal injury case resulting from a student, Lorelle M., being injured
 during a school physical education class, her mother, Nikol Maman, individually
 and as guardian, appeals the trial court's grant of summary judgment to Horry
 County School District (the District).  Maman contends the trial court erred in
 finding the evidence only supported the inference the District exercised at
 least slight care.  We affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities: Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d
 857, 860 (2002) (providing that when reviewing the grant of a summary judgment
 motion, this court applies the same standard that governs the trial court under
 Rule 56(c), SCRCP; summary judgment is proper when there is no genuine issue as
 to any material fact and the moving party is entitled to judgment as a matter
 of law); Sauner v. Pub. Serv. Auth. of S.C., 354 S.C. 397, 404, 581
 S.E.2d 161, 165 (2003) (noting that in determining whether a genuine issue of
 fact exists, the evidence and all reasonable inferences drawn from it must be
 viewed in the light most favorable to the nonmoving party); Flateau v.
 Harrelson, 355 S.C. 197, 203, 584 S.E.2d 413, 416 (Ct. App. 2003) ("The
 Tort Claims Act [(the Act)] governs all tort claims against governmental
 entities and is the exclusive civil remedy available in an action against a
 governmental entity . . . ."); Sabb v. S.C. State
 Univ., 350 S.C. 416, 428, 567 S.E.2d 231, 237 (2002) (stating the Act waives immunity for torts
 committed by the State, its political subdivisions, and governmental employees
 acting within the scope of their official duties with some exceptions); S.C. Code
 Ann. § 15-78-60(25) (2005) (providing an exception to the waiver of immunity for
 a loss resulting from responsibility or duty including but not limited to
 supervision, protection, control, confinement, or custody of any student of any
 governmental entity, except when the responsibility or duty is exercised in a grossly
 negligent manner); Etheredge v. Richland Sch. Dist. One, 341 S.C.
 307, 310, 534 S.E.2d 275, 277 (2000) ("[W]hile gross negligence ordinarily
 is a mixed question of law and fact, when the evidence supports but one
 reasonable inference, the question becomes a matter of law for the
 court."); Grooms v. Marlboro Cnty. Sch. Dist., 307 S.C. 310,
 313, 414 S.E.2d 802, 804 (Ct. App. 1992) (finding gross negligence is the
 absence of care that is necessary under the circumstances); id. ("[Gross negligence] connotes the failure to exercise a slight
 degree of care." (internal quotation marks and citation omitted)); id. (stating that when people are so indifferent as to their conduct as not to give
 slight care to what they are doing, they are guilty of gross negligence); id. (holding gross negligence involves the intentional, conscious failure to do
 something that is incumbent upon one to do or "the doing of a thing intentionally
 that one ought not to do" (internal quotation marks and citation omitted)); Etheredge, 341 S.C. at 312, 534 S.E.2d at 278 ("[T]he fact that the
 School District might have done more does not negate the fact that it exercised
 'slight care.'"); S.C. Code Ann. Regs. 43-232(III)(B) (Supp. 2010)
 (providing the maximum class size for a seventh grade physical education class
 shall not exceed forty students per period per
 teacher).  
AFFIRMED.
FEW, C.J., and THOMAS and
 KONDUROS, JJ., concur.