**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MALACHI O'BERRY,
Plaintiff-Appellant,

v.

ALLENDALE POLICE DEPARTMENT;
JAMES GRANT, individually and as
Chief of Allendale Police
Department; DEMETRIUS DAVIS,
individually and as an officer of the
Allendale Police Department; TOWN
OF ALLENDALE, SOUTH CAROLINA;
ALLENDALE COUNTY, a municipality
of the State of South Carolina; JOHN

STOKES, individually and in his
capacity as jail administrator,
Allendale County, South Carolina;
LORENZO DOE, individually and as
an employee of the Allendale
County jail; JOHN DOE AND RICHARD
ROE, an unknown number of
unidentified employees of the
Allendale County jail, individually
and as employees of the Allendale
jail,
Defendants-Appellees.

No. 96-6012

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CA-94-2098-1-6)

Argued: December 2, 1996

Decided: January 8, 1997

Before HAMILTON, LUTTIG, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** R. Edward Hemingway, THE HEMINGWAY LAW
FIRM, Columbia, South Carolina, for Appellant. Christy Scott Ste-
phens, BOGOSLOW & JONES, Walterboro, South Carolina, for
Appellees. **ON BRIEF:** W. Gary White, III, Columbia, South Caro-
lina, for Appellant. Marvin C. Jones, BOGOSLOW & JONES,
Walterboro, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alleging violations of both federal and state law, Malachi O'Berry
brought suit against the Town of Allendale, the Allendale Police
Department, individual officers in the Allendale Police Department,
the Allendale County Detention Center, and individual jailers at the
Allendale County Detention Center.[1] Specifically, O'Berry contends
that Officer Davis and Jailers Doe and Stokes showed deliberate
indifference to his medical needs; that the Town of Allendale failed
to train, supervise, and discipline Officer Davis; and that Officer
Davis falsely arrested him. See 42 U.S.C.A § 1983 (West 1994). In

_____

[1] The parties are referred to collectively as "Defendants."

2

addition, O'Berry brought a state-law battery claim against Officer Davis for the initial arrest and against Officer Davis and Jailer Doe for placing him in the detention facility. O'Berry also brought a state-law false arrest and unlawful detention claim against Officer Davis. Finally, O'Berry brought, pursuant to the South Carolina Tort Claims Act, a claim of gross negligence against the Allendale County Detention Center; and, at the close of evidence, he attempted to assert the same claim against the Town of Allendale. See S.C. Code Ann. § 15-78-60(25) (Law. Co-op. Supp. 1995).

At the conclusion of O'Berry's case, Defendants moved for judgment as a matter of law. The district court granted the motion of Officer Davis, Jailer Doe, and Jailer Stokes on the § 1983 deliberate indifference claim and the motion of the Town of Allendale on the state-law claim of gross negligence. The jury returned a verdict in favor of Defendants on each remaining cause of action.

On appeal, O'Berry raises several legal and evidentiary challenges to the proceedings below. He argues that the district court erred in (1) failing to give a requested jury instruction; (2) granting Defendants' motions for judgment as a matter of law on two causes of action; (3) denying him the opportunity to introduce the deposition testimony of Jailer Stokes and Officer Davis; (4) allowing Defendants to introduce evidence of his bad character; and (5) denying his motion to add the United States as a party. Finding no error, we affirm.

I.

During the early morning of June 6, 1993, O'Berry fell into a ditch as he was walking home from a night of drinking. O'Berry, who smelled of alcohol and appeared intoxicated, was discovered lying in the ditch by his neighbors, who called the Allendale police. After helping O'Berry out of the ditch, Officer Davis arrested him for public intoxication. At this time O'Berry had no outward bruises, cuts, or other indicia of injury. In addition, he neither complained of any injuries nor requested any medical assistance. In fact, O'Berry's only complaints were that "the b---- has got my money" and "I want my money." (J.A. at 97.)

After arriving at the jail, O'Berry did not inform the defendant jailers or police officers that he needed medical assistance. Instead,

3

O'Berry went to sleep. It was not until the next afternoon, when he awoke, that O'Berry told the jailers that he was in pain. Shortly thereafter, Jailer Lewis told Jailer Stokes that O'Berry might be in need of medical attention. Around this same time O'Berry's family arrived at the jail to take him home. When O'Berry told the jailers that he was too weak to go home with his family, Emergency Medical Technicians (EMTs) were called.

After examining O'Berry, the EMTs determined that he was not in life-threatening or imminent danger. Specifically, nothing from the EMTs' examination suggested a spinal cord injury. As a result, no spinal precautions were taken. O'Berry was transported to the Allendale County Hospital, where he was admitted and treated by Dr. Young, his primary physician. Dr. Young diagnosed O'Berry not with a spinal injury, but with Rabdomyalysis, a breakdown of muscle tissue. Several days later, O'Berry was transported to the Veterans Administration Hospital in Columbia where doctors discovered that O'Berry had a spinal injury.

II.

O'Berry first argues that the district court erred in failing to give jury instruction number 26. To appeal either the grant or denial of a jury instruction, a party must object to the instruction at the district court. See Fed. R. Civ. P. 51. If no objection is made, the district court will be reversed only if the failure to instruct constitutes plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993).

Although given the chance, O'Berry did not object to any of the district court's jury instructions.**2** As a result, we will reverse the district court only if the failure to give jury instruction number 26 constituted plain error. See id. The record on appeal does not contain the text of instruction number 26. During oral arguments, O'Berry's

_____

**2** Prior to charging the jury, the following exchange took place:

> The Court: All right, the jury is on the outside, any additional requested charge[s] or exceptions on behalf of the plaintiff?

> Mr. White: None for the plaintiff, your honor.

(J.A. at 372-73.)

4

counsel stated that the proposed instruction concerned the constitutionality of Allendale's ordinance on drunk and disorderly conduct. If so, the instruction involved a legal question properly excluded from the jury. Therefore, the district court's failure to give instruction number 26 did not constitute plain error.

III.

O'Berry next argues that the district court erred in granting the motion of Officer Davis, Jailer Doe, and Jailer Stokes for judgment as a matter of law on his § 1983 deliberate indifference claim. O'Berry also contends that the district court erred in granting the Town of Allendale's motion for judgment as a matter of law on his state-law gross negligence claim. We address each argument in turn.

In actions tried by a jury, the district court may grant a motion for judgment as a matter of law if "a party has been fully heard . . . and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party." Fed. R. Civ. P. 50(a)(1). As a result, judgment as a matter of law is appropriate when a contrary verdict would necessarily be based on speculation or conjecture. See Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). We review de novo the grant or denial of a motion for judgment as a matter of law. See id. In considering such a motion, we must construe the evidence in the light most favorable to the party against whom the motion is made. See Garraghty v. Jordan, 830 F.2d 1295, 1302 (4th Cir. 1987).

A.

To prevail on a § 1983 claim of deliberate indifference to medical needs, O'Berry must show that (1) he had a sufficiently serious medical need that required medical treatment; (2) Officer Davis and Jailers Doe and Stokes were subjectively aware of the serious medical need; and (3) Officer Davis and Jailers Doe and Stokes nevertheless acted with deliberate indifference by declining to secure medical attention. See Brice v. Virginia Beach Correctional Ctr. , 58 F.3d 101, 104 (4th Cir. 1995). According to O'Berry, failing to provide medical attention to an elderly man found motionless in a ditch satisfies the test for deliberate indifference. We disagree.

5

When Officer Davis helped O'Berry out of the ditch, O'Berry smelled and acted intoxicated. O'Berry was conscious and communicative, but he neither complained of any injuries nor asked for any medical assistance. He had no outward bruises, cuts, or other indicia of injury. The following afternoon, when O'Berry first requested medical attention, two EMTs and O'Berry's personal physician examined him without finding serious injury.

We conclude that there is no legally sufficient evidentiary basis from which a reasonable jury could have found that either Officer Davis, Jailer Doe, or Jailer Stokes was subjectively aware that O'Berry had a serious injury that required medical treatment. In addition, the record is devoid of any evidence suggesting that Officer Davis, Jailer Doe, or Jailer Stokes acted with deliberate indifference in declining to provide medical attention to O'Berry. As a result, the district court did not err in granting judgment as a matter of law on this issue. A contrary verdict would necessarily be based on speculation or conjecture. See Gairola, 753 F.2d at 1285.

B.

In order to prevail on a claim of gross negligence in the refusal of medical care, O'Berry must show, pursuant to the South Carolina Tort Claims Act, that the Town of Allendale either consciously failed to do something that it should have done or intentionally did something that it should not have done. See, e.g., Richardson v. Hambright, 374 S.E.2d 296, 298 (S.C. 1988) (defining gross negligence under the then-recently enacted South Carolina Tort Claims Act). Echoing his § 1983 claim, O'Berry argues that failing to provide medical attention to an elderly man found motionless in a ditch satisfies the test for gross negligence. We disagree.

We find no evidence that the Town of Allendale or its agents consciously failed to exercise due care. As we have previously noted, there was no evidence that Defendants knew or should have known that O'Berry had a serious injury that required medical treatment. See Part III.A. Therefore, the district court did not err in granting the Town of Allendale judgment as a matter of law on this claim. See Gairola, 753 F.2d at 1285.

6

IV.

O'Berry also raises several evidentiary challenges to the proceedings below. He contends that the district court erred in denying him the opportunity to introduce the deposition testimony of Jailer Stokes and Officer Davis. In addition, O'Berry argues that the district court erred in allowing Defendants to introduce evidence of his bad character. We address each argument in turn.

Evidentiary rulings are reviewed under the narrow abuse of discretion standard. See United States v. Gravely, 840 F.2d 1156, 1162 (4th Cir. 1988). In addition, harmless errors will not result in reversal. Id. Because O'Berry did not contemporaneously object to the district court's rulings on either the deposition testimony **3** or the character evidence, a new trial may be granted only upon a finding of plain error. See Olano, 507 U.S. at 731-32; United States v. Mitchell, 1 F.3d 235, 239 (4th Cir. 1993).

A.

O'Berry argues that Jailer Stokes and Officer Davis made several damaging statements in their depositions. O'Berry argues that, as a result, he should have been allowed to read their full depositions into the record. We disagree. O'Berry called both Jailer Stokes and Officer Davis as witnesses, and both were subjected to extensive examination by his counsel. Because O'Berry could have impeached Jailer Stokes and Officer Davis with their deposition testimony, denying O'Berry the opportunity to publish the depositions did not constitute plain error.

In fact, there is no authority for publishing the deposition testimony of a witness who has already testified. Deposition testimony can be read into the record only if the witness is unavailable. See Fed. R. Evid. 804(b)(1). If the witness does testify, as in this case, inconsistencies between the witness's deposition and trial testimony can be used for impeachment. See Fed. R. Civ. Pro. 32(a)(1). Therefore, the

_____

**3** Not only did O'Berry fail to object when the district court denied his request to publish the deposition of Officer Davis, there is no record that O'Berry ever sought to publish the deposition testimony of Jailer Stokes.

7

district court would have erred had it allowed O'Berry to publish the deposition testimony in question.

B.

O'Berry also argues that the district court erred in allowing the Defendants to introduce evidence of his bad character. O'Berry does not provide, however, any specific examples of the character evidence he found objectionable. After reviewing the record, we cannot find the introduction of any character evidence that would constitute plain error. Accordingly, the district court did not abuse its discretion.

V.

O'Berry also asserts that the district court erred in denying his motion to add the United States as a party. Once a responsive pleading has been served, a party may amend its complaint only by leave of court or by written consent of the adverse party. See Fed. R. Civ. P. 15(a). We review a district court's denial of a party's leave to amend for abuse of discretion. See Medigen of Ky., Inc. v. Public Serv. Comm'n., 985 F.2d 164, 167-68 (4th Cir. 1993). Applying this standard, we find O'Berry's final argument to be without merit. O'Berry has no rights contingent on Defendants' liability to the Veterans Administration. As a result, the district court did not abuse its discretion in denying O'Berry's motion to add the United States as a party.**4**

VI.

For the reasons stated, the judgment of the district court is affirmed.

AFFIRMED

_____

**4** In any event, the issue is now moot. The Veterans Administration has already filed a complaint against Defendants.

8